Argued 28 March, decided 21 May, 1907.

**MULTNOMAH COUNTY *v.* PORTLAND CRACKER CO.**

90 Pac. 155.

TAXES—METHOD REQUIRED TO COLLECT—JURISDICTION OF EQUITY.

1. The method of collecting taxes prescribed by statute is the one that must be pursued by the public authorities for that purpose.

Where a statute requires the tax collector to return to the office of the county clerk a roll showing the uncollected taxes and directs that the clerk make therefrom a delinquent roll with a warrant to the tax collector to collect the sums thereon stated from the persons against whom they are assessed, the record thus provided for is exclusive, and the fact that extraneous memoranda or notations to the effect that the taxes have been remitted are allowed to be made on the record by strangers affords no reason why the clerk should not issue the delinquent warrant or the sheriff enforce it as directed, and a court of equity should not undertake to cancel such notations, for they are obviously void as they appear.

POWER OF COURT TO VACATE VOID ORDER OR JUDGMENT.

2. Courts of record have ample power to correct untrue statements in their records, and to vacate void orders and judgments, whenever the mat-ters are brought to their attention.

JURISDICTION OF EQUITY—REMEDY AT LAW—MONEY JUDGMENT.

3. The rule that equity will retain control of a case and do full justice between the parties, even to a money judgment, after it has acquired juris-

diction on an equitable ground, cannot be invoked in a case where all the equitable grounds have failed—there the only questions before the court are legal and the law courts afford an adequate remedy.

In a suit to cancel alleged fraudulent entries on public records and to recover the amount of a tax which purported to be cancelled by such entries, the decree granting all the relief asked cannot be sustained as to the judgment for the tax where it appears that all the entries are either void on their face or have already been set aside by the court having control of the records, for the statutes afford sufficient means of collecting the tax without the intervention of a court of equity.

From Multnomah: JOHN B. CLELAND, Judge.

This is a suit by Multnomah County against the Portland Cracker Company. Defendant is a corporation, and in 1897 was the owner of personal property in Multnomah County, on which for that year a tax amounting to $884 was assessed and levied. The tax roll which exhibited this tax was placed in the hands of the sheriff for collection of the taxes as required by law. The defendant failed to pay its tax, and the same became delinquent and was so returned by the sheriff. In April, 1901, the tax still being delinquent and no attempt to collect it having been made, the defendant sought to make a settlement with the county, being persuaded thereto by one Stimson, a deputy in the county clerk's office, to whom defendant paid $250 for that purpose. Stimson converted the money to his own use, and fraudulently made an entry upon the tax records, purporting to show that this tax had been canceled by order of the county commissioners; and, without the knowledge of plaintiff, fraudulently interpolated in the commissioners' journal, under date of June 13, 1900, a fictitious and forged entry as follows:

"At this time it is ordered by the board that the assessment of personal property of the Portland Cracker Co. for 1897 be and hereby is canceled."

After stating the foregoing facts, plaintiff alleges in effect that Stimson had no authority to make either of such entries or to compromise any tax; that on August 7, 1903, the county court sitting at regular term for the transaction of county business set aside and annulled the false entry made in its journal, because it was made without consideration and was illegal; and that nevertheless, by reason of the fictitious, fraudulent and

forged entry in the commissioners' journal and the false entry in the tax roll, plaintiff is unable to collect its tax against defendant in the manner provided by law. A decree was asked annulling these entries, and for a personal judgment for the amount of the tax. Defendant answered, admitting its incorporation, the legality of the tax, its nonpayment, and that it became delinquent in 1898 and was so returned by the sheriff, but denied all other allegations. A trial was had, resulting in findings to the effect that the facts stated in the complaint were true; and, based thereon, a decree was entered declaring the entries on the tax roll and on the commissioners' journal to be void, and canceled the same, and awarding personal judgment against defendant for the amount of the tax, from which defendant appeals.                                             REVERSED.

For appellant there were oral arguments by *Mr. William David Fenton* and *Mr. Rufus Albertus Leiter,* with a brief to this effect.

I. The statutes of the state relating to the collection of taxes afford ample means for collecting what is due to the different counties—Hill's Ann Laws, §§ 2744, 2768, 2794 (with Laws 1893, p. 118), 2803-2834; and the mode so provided is exclusive of all other means of collection: *Crawford County* v. *Laub,* 110 Iowa, 355 (81 N. W. 590) ; *Plymouth County* v. *Moore,* 114 Iowa, 700 (87 N. W. 662) ; *Johnston* v. *Louisville,* 74 Ky. (11 Bush.) 527; *Carondelet* v. *Picot,* 38 Mo. 125; *State ex rel.* v. *Snyder,* 139 Mo. 549 (41 S. W. 216) ; *Camden* v. *Allen,* 26 N. J. Law, 399; *Freeholders* v. *Weymouth,* 68 N. J. Law, 652; *Brule County* v. *King,* 11 S. Dak. 294 (77 N. W. 107) ; *Hanson County* v. *Gray;* 12 S. Dak. 124 (80 N. W. 175: 76 Am. St. Rep. 594) ; *Board of Education* v. *Old, etc. Co.* 18 W. Va. 441; *State* v. *Baltimore & O. R. Co.* 41 W. Va. 81 (23 S. E. 677) ; *Pierce County* v. *Merrill,* 19 Wash. 175 (52 Pac. 854) ; *State* v. *Southwestern R. Co.* 70 Ga. 1; *Packard* v. *Tisdale,* 50 Maine, 376; *Crapo* v. *Stetson,* 49 Mass. (8 Met.) 393; *Raynsford* v. *Phelps,* 43 Mich. 342; *Faribault* v. *Misener,* 20 Minn. 396; *Richards* v. *County Com'rs,* 40 Neb. 45 (42 Am. St. Rep. 650: 58 N. W. 594) ; *Chamberlain* v. *Woolsey,* 66 Neb. 141 (92

N. W. 181); *Commissioners* v. *Furay* (Neb.), 99 N. W. 271; *Hibbard* v. *Clark,* 56 N. H. 155 (22 Am. Rep. 432); *McHenry* v. *Kidder County,* 8 N. Dak. 417 (79 N. W. 875); *State* v. *Piazza,* 66 Miss. 426.

II. Taxes are not debts and cannot be recovered by suit or action: *State* v. *Baker County,* 24 Or. 141, 145 (33 Pac. 530); *Lane County* v. *Oregon,* 74 U. S. (7 Wall.) 71; *Crabtree* v. *Madden,* 54 Fed. 431; *Jack* v. *Weinnett,* 115 Ill. 105 (56 Am. Rep. 129); *Loeber* v. *Leininger,* 175 Ill. 484 (51 N. E. 703); *McKeesport* v. *Fidler,* 147 Pa. 532; *Du Bignon* v. *Brunswick,* 106 Ga. 325 (32 S. E. 102); *Gallup* v. *Schmidt,* 154 Ind. 215 (56 N. E. 443).

III. Where a statutory remedy is provided, it must be followed and an action at law to recover the tax cannot be substituted for it: *Marye* v. *Diggs,* 98 Va. 749 (51 L. R. A. 902); *Baldwin* v. *Hewitt,* 88 Ky. 673; *Louisville Water Co.* v. *Commonwealth,* 89 Ky. 244; *Detroit* v. *Jepp,* 52 Mich. 458; *Commissioners* v. *Bank,* 48 Kan. 561 (30 Pac. 22); *Hanson County* v. *Gray,* 12 S. Dak. 124 (80 N. W. 175: 76 Am. St. Rep. 594); *Crisman* v. *Reich,* 2 Utah, 111.

Nor can a suit in equity be maintained under such circumstances: *Pierce County* v. *Merrill,* 19 Wash. 175 (52 Pac. 854); *Montezuma Water Supply Co.* v. *Bell,* 20 Colo. 175 (36 Pac. 1102); *Finnigan* v. *Fernandina,* 15 Fla. 379 (21 Am. Rep. 292); *Commissioners* v. *Murphy,* 107 N. Car. 36 (12 S. E. 122); *People* v. *Biggins,* 96 Ill. 485. Sometimes an action is provided for by the statute: *Shearer* v. *Citizens' Bank,* 129 Iowa, 564 (105 N. W. 1025).

IV. The remedy provided by statute is the normal one and should be exhausted before resorting to the courts: *Commissioners* v. *Murphy,* 107 N. Car. 36 (12 S. E. 122); *State* v. *Piazza,* 66 Miss. 426, 430; *State* v. *Baltimore & O. R. Co.* 41 W. Va. 81 (23 S. E. 677).

For respondent there were oral arguments by *Mr. John Manning,* District Attorney, and *Mr. Charles Henry Carey,* with a brief to this effect.

1. Every person is presumed to know the nature and extent of the powers of public officials and therefore cannot be deemed to have been deceived or misled by acts done without legal authority: 1 Beach, Pub. Corp. §§ 195, 202, 221, 241-243, 626 and 628.

2. The attempted compromise of the tax by the deputy county clerk was not within the scope of his authority and was void: B. & C. Comp. § 1008; Title III, Chap. 12, 2 Hills' Ann. Laws, p. 1144, et seq.

3. The county, in the exercise of its corporate functions, is endowed with sovereign power, without limitation or restriction other than such as might be invoked against the state: *Seton* v. *Hoyt,* 34 Or. 266 (43 L. R. A. 634: 75 Am. St. Rep. 641: 55 Pac. 967).

4. The right of the state to maintain a suit or action for the enforcement of an obligation is not of statutory origin, but is an attribute of sovereignty, and the fact that the legislature has provided a remedy does not prevent the county (which has the same power that the state has) from exercising this inherent power: *Dollar Sav. Bank* v. *United States,* 86 U. S. (19 Wall.) 227; *State* v. *Georgia County,* 112 N. Car. 34 (17 S. E. 10: 19 L. R. A. 485) ; *People* v. *Seymour,* 16 Cal. 332-344.

5. Under Section 2518, B. & C. Comp., the county may maintain a suit for the correction of its records, and, under the general principles of equity, when the court has acquired jurisdiction for one purpose, it will retain jurisdiction for all purposes: Pomeroy, Eq. Juris. (3 ed.), §§ 181 and 231-242.

Opinion by MR. COMMISSIONER SLATER.

The facts as found by the lower court are not challenged by counsel for defendant, but they contend that, as a matter of law, the facts alleged and found are not sufficient to support the decree, and we are of the opinion that this contention is correct. The plaintiff argues in support of the jurisdiction of the court that this suit was brought primarily, not to collect a tax, but to cancel a false record which prevented it from collecting the tax through the statutory method, and that the additional relief

sought is ancillary to the main or primary purpose of the suit on the familiar principle that, when equity takes cognizance of a case for any purpose, it will administer complete relief between the parties; but, in our opinion, if the primary jurisdiction contended for fails, the ancillary relief sought must necessarily be denied.

1. It is a familiar and well-established rule that a court of equity will not exercise its jurisdiction when the instrument or record sought to be canceled is void upon its face: 4 Pomeroy, Equity (3 ed.), §§ 1377, 1399. The entry made by Stimson on the delinquent tax roll consisted of these words, "Canceled Order Board Co. Commrs.," written at the end of the line on which defendant's name and the amount and details of its tax were written, and under the heading "By whom paid." The precise time this was written thereon is not disclosed, but it is certain that it was, after the delinquent roll was delivered by the sheriff to the clerk and while in the latter's official custody. The delinquent tax roll is a public record, comprising a statement of taxes remaining unpaid, to be made by the sheriff according to the requirements of Section 2809, Hill's Ann. Laws 1892, then in force, and to be by him delivered to the county court. The statute particularly describes what information it shall contain. When made and delivered it is a complete public record, and no power or authority is vested by statute in any person or tribunal to make any changes therein or add anything thereto: *Burness v. Multnomah County,* 37 Or. 460 (60 Pac. 1005). Whatever the county court may lawfully order done in respect to taxes due from a taxpayer should be entered in its journal required by law to be kept for that purpose, and no minute or memorandum thereof made elsewhere without any authority of law has any legal force or effect. The entry in question was not of the character of any of the items required by Section 2809, Hill's Ann. Laws 1892, to be entered by the sheriff in the delinquent tax roll, and was void upon its face. It never was in law a part of the delinquent tax roll or, at the utmost, anything more than a private memorandum, which could not in any way have con-

.trolled or affected the action of any officer of the county in performing his official duties involved in the collection of this tax in the manner required by law. Section 2814, Hill's Ann. Laws 1892, then in force, required the county clerk to

"Make from said delinquent tax roll a true and correct list of the taxes returned as unpaid, and a correct description of the lands or town lots, if the same can be made, and to whom such taxes are charged, and deliver the same to the sheriff of the county, with a warrant attached thereto," etc.

It will be observed that the clerk must make a list "of the taxes returned as unpaid" by the sheriff. He could not do less by leaving out the tax of one or more, but must include all. At least an unauthorized memorandum made upon the delinquent roll, as in this case, could not stay his hand.

2. Nor can the jurisdiction of a court of equity be invoked to cancel of record the admittedly false and forged entry in the commissioners' journal respecting this tax. It is a record of the official acts and orders of the county court when transacting county business, and, like the record of any other court, is subject to correction and amendment by that court within the salutary limitations recognized by law. "A judgment void upon its face," says Mr. Justice WOLVERTON, in *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739 : 93 Am. St. Rep. 732), "may be set aside or vacated at any stage of the proceedings, or at any time, whether within the term at which it was rendered or afterwards, when the attention of the court in which it was rendered is attracted to it. Such a judgment, it has been said, 'is a dead limb upon the judicial tree, which should be lopped off. * * It can bear no fruit to the plaintiff, but it is a constant menace to the defendant.' This power is inherent with the court, and will be exercised, even at its own suggestion, for the preservation of its dignity, the protection of its officers, and to arrest further action which can serve no lawful purpose, and the most effectual method is by extirpation of the judgment itself as superfluous and vexatious : *Evans* v. *Christian,* 4 Or. 375 ; *Ladd* v. *Mason,* 10 Or. 308 ; *People* v. *Greene,* 74 Cal. 400 (16 Pac. 197 : 5 Am. St. Rep.

448) ; *Lee* v. *O'Shaughnessy,* 20 Minn. 173 (Gil. 157) ; *Hanson* v. *Wolcott,* 19 Kan. 207." On August 7, 1903, and nearly six months before the commencement of this suit, the County Court of Multnomah County, sitting for the transaction of county business at a regular term thereof, made an order setting aside and annulling the order hereinbefore mentioned. The action of the court in thus purging its record of the forged entry was within its power, and there was nothing left upon the record, if there ever was anything thereon, to hinder or prevent the county officers from proceeding according to the statute to collect this tax.

3. It is stated in the complaint that, because of the alleged fraudulent entries, the plaintiff cannot collect the tax in the manner provided by law, implying that, if these alleged obstacles were removed, the tax could be collected in the usual manner ; nor is there any other fact alleged which might tend to establish and support the jurisdiction of a court of equity in giving its aid to collect this tax. The rule that a court of equity obtaining jurisdiction of a cause for one purpose will retain it until complete justice is administered can have no application to this case ; for, the jurisdiction being dependent upon the alleged necessity to correct a record which, in one instance, was not a record at all and was void upon its face, and, in the other instance, had been canceled by a competent court before the commencement of this suit, the court was powerless to render a money judgment for the amount of the tax: *Phipps* v. *Kelly,* 12 Or. 213 (6 Pac. 707) ; *Ming Yue* v. *Coos Bay R. Co.* 24 Or. 392 (33 Pac. 641) ; *Stemmer* v. *Scottish Ins. Co.* 33 Or. 65 (49 Pac. 588, 53 Pac. 498) ; *Denny* v. *McCown,* 34 Or. 47 (54 Pac. 952).

It follows that the decree should be reversed and the suit dismissed.                              REVERSED.