Argued July 13, decided July 25, 1911.

## JONES v. JONES.

[117 Pac. 414.]

APPEARANCE—GENERAL APPEARANCE—STEP CONSTITUTING.

1. Appearance, on motion to change the venue, is a general appearance, though purporting to be special.

APPEARANCE—GENERAL APPEARANCE—STEPS CONSTITUTING.
2. Appearance, on motions by defendant in a divorce suit to vacate an order for temporary alimony and to dismiss the suit on account of condonation, constitutes general appearance.

DIVORCE—SETTLEMENT—CONDONATION—EFFECT.
3. A decree of divorce is improper where the parties have settled their differences and resumed cohabitation.

DIVORCE—PUBLIC INTEREST.
4. Divorce jurisdiction should be administered in view of the public good, as well as private rights.

DIVORCE—CONDONATION.
5. A divorce suit fails on condonation after commencement of the suit.

DIVORCE—CONDONATION.
6. Repetition of condoned acts, after a suit has failed on account of such condonation, does not revive the suit so as to authorize a decree therein, but affords ground for a new suit.

DIVORCE—ACTION—SETTLEMENT.
7. The parties to a divorce suit cannot settle it to the prejudice of third persons.

DIVORCE—SUIT MONEY—RIGHT OF WIFE.
8. A husband is properly required to furnish means to the wife to prosecute a divorce suit, if she is without means, and he is able.

DIVORCE — SETTLEMENT OF SUIT — COSTS AND EXPENSES — ORDER FOR PAYMENT.
9. On dismissing a divorce suit on evidence of condonation, the court can require defendant to comply with a former order for payment of suit money under Section 512, subd. 1, L. O. L., so far as concerns costs and attorney's fees.

From Clackamas:   JAMES A. EAKIN, Judge.

This is a suit by Louise Jones against Thomas E. Jones for divorce.   From a decree in favor of plaintiff, defendant appeals.                                         REVERSED.

For appellant there was a brief with an oral argument by *Mr. William M. LaForce.*

For respondent there was a brief with oral arguments by *Messrs. Charles D.* and *D. Clinton Latourette.*

Opinion by MR. CHIEF JUSTICE EAKIN.

On July 10, 1907, plaintiff commenced a suit in Clackamas County for a divorce from defendant; both persons at that time being residents of Multnomah County.

The complaint does not state in what county either person resided. In the prayer of the complaint, plaintiff asks for an order that defendant pay to her $250 alimony (probably suit money was intended) and $40 a month for the benefit of plaintiff pending the suit. Pursuant to the prayer, on July 13, 1907, the court made an order, requiring defendant to pay into court $150 alimony and $20 per month as maintenance. This order was served on defendant in Multnomah County on July 17, 1907. The summons was served in the same county on July 12th, but the return was not filed until September 12th. On August 6th, defendant, by his attorney, filed in the case a motion for a change of venue to Multnomah County, reciting in the motion and affidavit in support thereof that plaintiff and defendant were residents of Multnomah County.

1. The filing of this motion, although reciting that defendant appeared specially for the purposes of the motion, and for no other purpose, was a general appearance. The motion asks for an order that could only be made upon the assumption that the court had jurisdiction of the suit. *Belknap* v. *Charlton,* 25 Or. 41 (34 Pac. 758) ; *Multnomah Lumber Company* v. *Western Basket Company,* 54 Or. 22, 26 (99 Pac. 1046: 102 Pac. 1). Therefore, whether the court of Clackamas County obtained jurisdiction or not of the suit or the defendant, by the filing of the complaint and service of summons in Multnomah County, it did acquire jurisdiction by the general appearance of defendant on August 6, 1907.

2. On September 12, 1907, defendant filed a motion, asking to have the order of July 13, 1907, for the payment of alimony, vacated and set aside, on the ground that plaintiff and defendant have settled their differences. This was also a general appearance by defendant. No disposition was made of this motion. On February 18, 1908, defendant filed a motion to dismiss the suit, for

the reason that plaintiff had condoned the cause for divorce on September 1, 1907, and that thereafter plaintiff had resumed her marital relations with defendant. This motion was based upon two affidavits, one by defendant and the other by plaintiff, in which it is stated that plaintiff had voluntarily returned to the home of defendant, and had condoned his past offenses, and had resumed marital relations with him; and plaintiff asks to have the suit dismissed. This was also a general appearance. The motion remains undisposed of. On June 29, 1909, on motion of plaintiff's attorney, judgment of default was rendered against defendant, and thereafter, on July 1st, a decree was rendered, dissolving the marriage relations existing between plaintiff and defendant, and a judgment against defendant for $250 alimony, and $20 per month as maintenance, and $22 for costs. Again, on August 17, 1909, defendant filed a motion in the case, asking to have the decree vacated, for the reason that the court had no jurisdiction to render the same; and that, on September 1, 1907, plaintiff condoned the acts of defendant, set forth as the cause of suit, long before the date of the decree, which motion was denied on October 11, 1909.

3, 4. It appears that plaintiff and defendant had settled their differences, which were the subject of this suit, prior to September 1, 1907, and were living and cohabiting together thereafter. There can be no question but that the persons themselves to a suit may settle the subject of the litigation, and they having done so in his case, and that fact having been brought to the knowledge of the court, it could not proceed further with the suit. The law regards the marriage relations with peculiar favor. The public has an interest in a divorce suit, and the courts should administer their jurisdiction of that subject in view of the public good, as well as private rights. *Adams* v. *Adams,* 12 Or. 176 (6 Pac.

677). Even where the defendant expressly or impliedly admits the misconduct or makes default, it is not sufficient to authorize a decree of divorce, without proper proof of the facts. 14 Cyc. 702.

In *Hill* v. *Hill,* 24 Or. 416 (33 Pac. 809), Mr. Justice BEAN says: "The accusation of adultery, so far as this testimony discloses, if made at all, may have been made at any time during the married life of the parties, and have been fully condoned by subsequent cohabitation, and if this be so the plaintiff is not entitled to a decree of divorce, although the defendant has not pleaded the condonation."

In *Wheeler* v. *Wheeler,* 18 Or. 262 (24 Pac. 901), Mr. Justice LORD says: "It is our duty to remember that the contract of marriage, unlike other contracts, the State is specially interested in preserving unbroken, and that the contracting parties cannot annul it, nor the court, except for the causes specified in the statute, and only then when satisfactory evidence that such cause or causes exist."

5, 6. If the facts alleged for grounds of divorce are condoned after the commencement of the suit, or before, and revived after, the suit must fail. A repetition of the same or similar acts after condonation, and after a suit is commenced, will not have the effect to reinstate the cause of suit. But, if the subsequent conduct which will revive the condoned acts are of the same general character that would have supported the suit originally, although insufficient standing alone to justify a decree, they would be strengthened and aggravated by proof of the condoned acts. See *Atteberry* v. *Atteberry,* 8 Or. 224, where it is said that an assault, committed after the commencement of the suit, cannot be considered as one of the grounds for the divorce. Therefore, even if there was a repetition of the acts condoned, which is not disclosed by the record, the cause of suit was not revived,

entitling plaintiff to a decree therein, but the new acts of cruelty. must be the basis of a new suit. Hence it appears from the record that the court had no authority to enter the decree or proceed with the suit, after it had appeared therein that the ground for divorce had been condoned, and the parties had resumed their marital relations; and the decree is void.

By Section 510, L. O. L., it is a defense to the suit if "the act has been expressly forgiven, or impliedly so, by the voluntary cohabitation of the parties after knowledge thereof"; and by Section 1020 it is made the duty of the district attorney to defend divorce suits, so far as is necessary to prevent fraud or collusion, showing that the decree should only be granted in cases provided for by the statute. *Earle* v. *Earle,* 43 Or. 294 (72 Pac. 976). The decree being unauthorized, it was the duty of the court to set it aside when its attention was called to it by the motion of August 17, 1909.

In *Hoover* v. *Hoover,* 39 Or. at page 460 (65 Pac. at page 797), it is said: "Ordinarily, there is no appeal from a judgment or decree given for want of an answer; relief therefrom must be sought by an application to the trial court, and from the order touching the application an appeal will lie." A similar point was raised in *Huffman* v. *Huffman,* 47 Or. at page 618 (86 Pac. at page 595: 114 Am. St. Rep. 943), in relation to which Mr. Justice MOORE says: "The remaining question is whether or not the court erred in refusing to vacate a part of the decree so assailed. * * Superior courts possess ample power at all times to vacate void judgments, decrees, and orders, and it is incumbent upon them to purge their records of the entries of such nullities when their attention is called thereto." And the order denying a motion to vacate the decree was reversed. To the same effect, see *Ladd* v. *Mason,* 10 Or. 308; *White* v. *Ladd,* 41 Or. 330 (68 Pac. 739: 93 Am. St. Rep. 732); *Multnomah County* v. *Portland Cracker Co.,* 49 Or. 351 (90 Pac. 155).

7-9. However, neither plaintiff nor defendant were entitled to have the suit dismissed. The parties cannot settle a suit and have it dismissed to the prejudice of third persons. The statute entitles the wife to an opportunity to present her case in a divorce suit, and if she is without means the court will require the husband to furnish it, if he is able. The court made an order for the advancement of alimony and for the support of the wife by the husband, pending the suit. So far as the order was for the support of the wife or any costs she may have advanced, they are included in the settlement, and the wife has no remedy therefor. Nor has the attorney any interest therein. But if part of the order was intended as suit money, under subd. 1 of Section 512, L. O. L., and the plaintiff has not paid either the court costs or attorney's fee, the court can render such judgment or order in the case as may be necessary to enforce so much of the order for suit money as may be reasonable and proper, considering the circumstances of the case. See *Falconio* v. *Larsen*, 31 Or. 148 (48 Pac. 703: 37 L. R. A. 254).

Therefore the decree of divorce will be reversed, and the cause remanded to the court below for such other proceedings as may be proper, not inconsistent with this opinion. The costs of this appeal will be allowed to the defendant out of any sum finally adjudged against him in this proceeding.        REVERSED.