Argued February 4, appeal dismissed March 24, 1925.

## GEORGE W. FINCH and R. U. McNUTT v. PACIFIC REDUCTION AND CHEMICAL MFG. CO.

(234 Pac. 296.)

**Judgment—Defendant Required to Show Facts Constituting Defense on Merits and Tender Answer Concurrently With Filing of Motion to Vacate.**

1. Defendant, on filing motion to set aside default judgment under Section 103, Or. L., for mistake, inadvertence, etc., is required to show facts constituting a defense on merits and to tender an answer to merits concurrently with filing of motion.

**Judgment—Relief from Judgment Void for Want of Service of Process may be had Without Regard to Time When Judgment Entered, and Without Showing of Merits.**

2. Relief from default judgment which is void for want of service of process on defendant may be had without regard to time when judgment was entered, and without showing of merit or excuse required by law where jurisdiction has attached.

**Judgment—Final Judgment may not be Vacated by Court After Term.**

3. Final judgment or decree may be vacated by court making it at any time during term at which it is made, but with ending of term matter passes from court's control and judgment may not then be vacated, except as provided by Section 103, Or. L.

**Judgment—May be Set Aside at Succeeding Term, Where Proceedings Carried Over.**

4. Where proceedings remain under consideration and undisposed of, and are carried over to a succeeding term, judgment may then be set aside at term following its entry.

**Judgment—Power to Vacate Void Judgment not Limited to Term During Which it was Made.**

5. Power to vacate judgment was not limited to term during which it was made, where it was void because rendered without court's acquiring jurisdiction of defendant by service of process.

**Appeal and Error—Order Vacating Judgment Held not Appealable.**

6. Order vacating former judgment rendered without court's acquiring jurisdiction of defendant, and allowing defendant to answer, *held* not an appealable order under Section 548, Or. L.

---

1. See 15 R. C. L. 717.
2. See 15 R. C. L. 700.
3. See 15 R. C. L. 690, 693.
5. See 15 R. C. L. 692.
6. See 2 R. C. L. 39.

**Appeal and Error—Methods of Procedure for Appeal are Mandatory.**

7. Right of appeal is conferred by law, and methods of procedure therein are mandatory.

**Appeal and Error—Order Vacating Judgment and Allowing Defendant to Answer may be Reviewed on Appeal from Final Judgment.**

8. Order vacating former judgment and allowing defendant to answer might be reviewed on appeal from final judgment, and not otherwise.

From Josephine: F. M. CALKINS, Judge.

Department 2.

This action was brought by George W. Finch and R. U. McNutt, who allege that they are mining partners, engaged in mining, dealing in ores, minerals, and mineral lands in Josephine County, Oregon; that in March, 1921, they delivered to the defendant Pacific Reduction and Chemical Manufacturing Company, a corporation, at Grants Pass, Oregon, nine and one-half tons of gold-bearing ore, for the purpose of having the gold and other precious metal extracted therefrom. They aver that the defendant treated the ores by its milling process but refused to account to plaintiffs for the values extracted therefrom. They demand judgment in the sum of $2,000. Service of process was made upon one R. A. Dozier, an employee of the defendant, who the sheriff certified was the managing agent for the defendant corporation. Upon motion of the plaintiffs, the court, on July 20, 1922, entered an order of default against the defendant, and adjudged that the plaintiffs recover against the defendant the sum of $2,000.

On September 5th, and during the same term of court, the defendant appeared generally and moved that the judgment be vacated, and asked leave to file an answer. The motion was accompanied by a num-

7. See 2 R. C. L. 27, 29.

ber of affidavits to the effect that R. A. Dozier, upon whom process was served, was not president, secretary, or other officer or agent of the Pacific Reduction and Chemical Manufacturing Company, and in which the names of such officers of the defendant company were set forth. The affidavits further stated that the defense of the defendant was a meritorious one. The application was taken under consideration but was carried over until September 11, 1922, the first judicial day of the regular September term of the Circuit Court of the State of Oregon for Josephine County, on which date the court, basing its ruling upon the facts set forth in the affidavits, ordered the judgment vacated.

The plaintiffs, appealing, assign error involving the right of the court to open the judgment without a showing upon the part of the defendant that it has a meritorious defense, and without tendering an answer to the complaint.    APPEAL DISMISSED.

For appellants there was a brief over the name of *Mr. George W. Colvig* with an oral argument by *Mr. Fred A. Williams*.

For respondent there was a brief and oral argument by *Mr. V. A. C. Ahlf*.

BROWN, J.—The plaintiffs assume that the motion and the authority of the court to vacate the judgment were based upon the provisions of Section 103, Oregon Laws, whereby the court may, within the time therein limited, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect.

1. It is true that in this jurisdiction the defendant, on filing a motion to set aside a judgment for the

reasons enumerated in Section 103, Or. L., is required to show facts constituting a defense on the merits, and he must tender an answer to the merits concurrently with the filing of the motion or application to vacate the judgment: *Mayer* v. *Mayer,* 27 Or. 133 (39 Pac. 1002); *Eagan* v. *North American Loan Co.,* 45 Or. 131 (76 Pac. 774, 77 Pac. 392); *In re Marks' Estate,* 81 Or. 632 (160 Pac. 540).

The showing made by the defendant's application falls short of that which would warrant the court in granting relief under the provisions of that section of the Code. We find conclusions but no statement of facts showing a defense on the merits. But this is not a proceeding under that section. The defendant is not here by reason of its mistake, inadvertence, surprise, or excusable neglect. According to the finding of the court, it was never in default. Service of process precedes default. The defendant did not voluntarily appear before judgment.

2. It is a well-established rule of law that relief from a judgment which is void for want of service of process upon the defendant may be had without regard to the time when the judgment was entered, and, without the showing of merit, or the excuse required by law where jurisdiction has attached: *Skjelbred* v. *Shafer,* 15 N. D. 539 (108 N. W. 487, 125 Am. St. Rep. 614).

A case very similar, in point of fact, to the one under consideration, is that of *Western Pattern & Manufacturing Co.* v. *American Metal Shoe Co.,* 175 Wis. 493 (185 N. W. 535, 20 A. L. R. 264). In that case, the Supreme Court of Wisconsin said:

"It is firmly established in this jurisdiction that where a motion is made in the same case to set aside a judgment void for want of service upon the

defendant, no showing in the nature of a meritorious defense is necessary. The judgment is held absolutely void, and the court should expunge it from the record whenever its attention is called to the fact that jurisdiction of the defendant was not acquired, by reason of a lack of service of process upon him (citing authorities) * * . Such a judgment has always been regarded as a mere nullity. It is not a judgment. It is the mere image of a judgment. Its enforcement constitutes a taking of property without due process of law, and will not be tolerated. It was the duty of the trial court to expunge the judgment from the record."

In the case of *Ladd & Tilton* v. *Mason et al.,* 10 Or. 308, 312, this court, in discussing the question of the rendition of a judgment without acquiring jurisdiction, said:

"The inherent power of the court to set aside and vacate such an entry, made without jurisdiction, at any time afterwards, whether at the same term it is made, or any subsequent term, seems hardly to admit of a serious doubt. Judgments, decrees or orders made without jurisdiction are not more binding upon the courts that enter them than upon persons sought to be affected by them. Not only may they be vacated to subserve the ends of justice between parties litigant, but it would seem that they might be set aside by the courts upon their own motion, by virtue of their inherent power to correct their own records and free them from extraneous matter."

The doctrine thus announced has been cited by this court with approval in a number of subsequent cases. See *Cochran* v. *Baker,* 34 Or. 555 (52 Pac. 520, 56 Pac. 642); *Hoover* v. *Hoover,* 39 Or. 456 (56 Pac. 796); *In re Slate's Estate,* 40 Or. 349 (68 Pac. 399); *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732); *Volp* v. *Saylor,* 42 Or. 546 (71 Pac. 980); *Huffman* v. *Huffman,* 47 Or. 610 (86 Pac. 593,

114 Am. St. Rep. 943); *Multnomah County* v. *Portland Cracker Co.,* 49 Or. 345 (90 Pac. 155); *Stivers* v. *Byrkett,* 56 Or. 565 (108 Pac. 1014, 109 Pac. 386); *Jones* v. *Jones,* 59 Or. 308 (117 Pac. 414).

3, 4. A final judgment or decree may be vacated by the court making it at any time during the term at which it is made: *Anderson* v. *Anderson,* 89 Or. 654, 657 (175 Pac. 287); *Lahey* v. *Lahey,* 109 Or. 146 (219 Pac. 807). However, with the ending of the term, the matter passes from the control of the court, and it may not then vacate a valid judgment except as provided by Oregon Laws, Section 103. But, where the proceedings remain under consideration and undisposed of and are carried over to the succeeding term, the judgment may then be set aside at the term following its entry: *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710); *Zelig* v. *Blue Point Oyster Co.,* 61 Or. 535 (113 Pac. 852, 122 Pac. 756); *First Christian Church* v. *Robb,* 69 Or. 283 (138 Pac. 856).

5. In the cause at issue, the matter of considering the application to vacate the judgment remained undisposed of at the end of the term during which it was made. It was carried over the term and an order of vacation was made on the first day of the succeeding term. However, the judgment in the case at bar could have been vacated at any time in accordance with the finding of the court. The defendant was not served with process, nor did it make a voluntary appearance until it filed its application. The judgment was rendered without the court's acquiring jurisdiction of the defendant, and hence was void. Under such a state of facts, the power to vacate the judgment was not limited to the term during which it was made: 34 C. J., p. 217; *Wade* v. *Wade,* 92 Or.

642 (176 Pac. 192, 178 Pac. 799, 182 Pac. 136, 7 A. L. R. 1143).

6. There is still another, and a dominant, reason why plaintiff's appeal must fail. We are confronted with, and must be guided by, the statute that defines and limits our jurisdiction. That statute reads:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein * * , or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree." Or. L., § 548.

The order made by the court below and from which the plaintiffs appeal is not of the character described in the statute noted, and hence is not appealable: *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710); *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496); *Carmichael* v. *Carmichael,* 101 Or. 172 (199 Pac. 385).

7. The right of appeal is conferred by law and the methods of procedure therein are mandatory: *Clay* v. *Clay,* 56 Or. 538, 541 (108 Pac. 119, 109 Pac. 129); *In re Waters of Chewaucan River,* 89 Or. 659 (171 Pac. 402, 175 Pac. 421); *Smith Securities Co.* v. *Multnomah County,* 98 Or. 418 (192 Pac. 654, 194 Pac. 428).

8. The action of the court in the cause at issue in vacating its former judgment and allowing the defendant to answer may be reviewed upon appeal from the final judgment, and not otherwise: *Carmichael* v. *Carmichael, supra.*

This appeal is dismissed.   APPEAL DISMISSED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.