Argued at Pendleton, May 4, affirmed June 22, rehearing denied September 14, 1926.

## TISHA BELLE JENKINS *v.* THOMAS E. JENKINS.

(247 Pac. 145.)

**Judgment.**

1. Judgment can make *res judicata* only that in issue and decided.

**Judgment.**

2. In equity, defense of former adjudication to bar hearing on merits must be pleaded, and is new matter for answer in Code state.

**Judgment—Rule That in Equity Defense of Former Adjudication must be Pleaded Does not Apply Where Litigant has had no Opportunity to Plead.**

3. Rule that in equity defense of former adjudication to bar hearing on merits must be set up by proper averments in pleading does not apply, where litigant has had no opportunity to plead.

**Divorce—In Divorce Suit, Party Who has Full Opportunity must Plead Matter as Res Judicata to Avail Himself of Former Adjudication (§§ 501–515, Or. L.).**

4. In divorce suit, litigant who has full opportunity to plead must plead matter as *res judicata* to avail himself of former adjudication in view of Sections 501–515, Or. L., as suit is equitable.

---

1. See 15 R. C. L. 973.
2. See 15 R. C. L. 1045.

ON PETITION FOR REHEARING.

**Divorce.**

5. Under Section 511, Or. L., wife, after divorce was awarded to husband, could not have decree modified by having her dwelling-house set aside to her; pleadings making no reference to any real property owned by her.

Appeal and Error, 4 C. J., p. 1102, n. 24.
Divorce, 19 C. J., p. 22, n. 87, p. 142, n. 52, p. 151, n. 68, p. 332, n. 1.
Judgments, 34 C. J., p. 1057, n. 71, 76.

From Union: J. W. KNOWLES, Judge.

In Banc.

This is an appeal from a judgment dismissing a complaint for divorce filed by Tisha Belle Jenkins, and a decree awarding Thomas E. Jenkins, her husband, a divorce on his cross-complaint.     AFFIRMED.

For appellant there was a brief and oral argument by *Mr. H. V. Schmalz.*

For respondent there was a brief over the names of *Messrs. Biggs & Biggs* and *Mr. Charles B. Foley,* with an oral argument by *Mr. M. A. Biggs.*

BROWN, J.—Tisha Belle Jenkins brought a suit for divorce from Thomas E. Jenkins, and predicated her cause upon the ground of matrimonial desertion. The defendant, answering, denied that he had deserted the plaintiff, and filed his cross-complaint in which he prayed for a divorce from plaintiff on the ground of cruel and inhuman treatment. The plaintiff, answering the cross-complaint, merely denied the allegations thereof. At the conclusion of the hearing and the taking of testimony, the court found:

---

5. See 9 R. C. L. 439.

"That on the 5th day of April, 1918, in Burns, Harney County, Oregon, plaintiff entered a bedroom with one Rector Arnwine between ten o'clock at night and midnight, locked the door to said bedroom and remained therein with the said Rector Arnwine for a considerable length of time; that defendant saw the said Rector Arnwine and plaintiff enter the said bedroom and immediately thereafter he came to town to find the sheriff of said county; that in the search for said sheriff he found the district attorney of Harney County, Oregon, and they together located the sheriff; that said defendant, sheriff and district attorney went to the house where the plaintiff and Rector Arnwine were inclosed and defendant indicated to the officers the room in which they were; that the sheriff attempted to open said door but found it locked; that after some time of waiting and upon threats by the sheriff to break down the door unless it was opened, the plaintiff opened the said door; that said plaintiff and Rector Arnwine were in the room alone."

The court further found that the plaintiff and defendant have not lived together as husband and wife since that date.

As a conclusion of law, the court found that the equities were with the defendant, and, based upon such conclusion, made an order dismissing the plaintiff's complaint and awarding the defendant and cross-complainant a divorce upon the alleged ground of cruel and inhuman treatment and personal indignities.

The findings of fact made by the trial court are clearly supported by the evidence. But, says zealous counsel, the trial court erred in permitting the evidence relating to the incident of April 5, 1918, to be introduced, because this matter is *"res adjudicata."* *Jenkins* v. *Jenkins*, 103 Or. 208 (204 Pac. 165).

1. The determination of this court as to the facts or the law in the former suit cannot be rejudged in this

cause. However, the judgment of the court can make *res adjudicata* only that which was in issue and decided in the former case: 4 C. J. 1102. No fact found by the trial court in this cause is in conflict with what we decided in that. In the former suit, we held that the facts did not prove that the wife was an adulteress as charged by her husband. Jenkins, in his present pleading, avers the facts recited above as found by the court, together with a number of subsequent acts of cruel and inhuman treatment and personal indignities growing out of the wife's association with men other than the notorious Rector Arnwine, as well as subsequent and additional wrongful acts of association with that man: *Jones* v. *Jones,* 59 Or. 308 (117 Pac. 414). These additional acts subsequent to April 5, 1918, were sufficient basis for a suit for divorce upon the ground of cruel and inhuman treatment or personal indignities rendering life burdensome. Furthermore, divorce suits are tried before the court without a jury and partake of the nature of suits in equity. See Or. L., Title VI, Chap. 8.

2, 3. A rule of general application is stated thus:

"In equity, the defense of former adjudication, to bar a hearing on the merits, must always be set up by proper averments in the pleadings, and a defendant cannot present the question by a motion to dismiss the bill. * * In those states in which the Code procedure is used, a former adjudication is held to be embraced by the requirement that 'new matter' must be set up in the answer. And, therefore, to be available as a defense it must be pleaded." 9 Ency. of Plead. & Prac., pp. 616, 617.

4. The principle quoted above has no application to a situation where the litigant has had no opportunity to plead. However, in the cause at issue the litigant, with full opportunity, failed to plead any

matter as *res adjudicata.* It follows that the decree appealed from is affirmed.

Owing to the peculiar circumstances of this case, it is directed that Tisha Belle Jenkins recover her costs on appeal to this court.        AFFIRMED.

---

Rehearing denied September 14, 1926.

ON PETITION FOR REHEARING.

(248 Pac. 1095.)

For the petition, *Mr. H. V. Schmalz.*

*Contra,* no appearance.

BROWN, J.—5. Tisha Belle Jenkins, by her attorney, has filed a motion for rehearing, for the purpose of modifying the divorce decree "by setting aside to the plaintiff-appellant" her dwelling-house.

The petitioner cites us to no authority and points to no pleading authorizing any such modification of the decree. In the pleadings on file no reference is made to any real property owned by her, and the divorce decree was awarded to Thomas E. Jenkins, the husband. Our statute provides:

"Whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall in all cases be entitled to the undivided third part of his or her individual right in fee of the whole of the real estate owned by the other at the time of such decree, in addition to the further decree for maintenance provided for in section 513; and it shall be the duty of the court in all such cases to enter a decree in accordance with this provision." Or. L., § 511.

See, also, *Wetmore* v. *Wetmore,* 5 Or. 469; *Huffman* v. *Huffman,* 47 Or. 610 (86 Pac. 593, 114 Am. St. Rep. 943).

The petition will be denied.

REHEARING DENIED.

RAND, J., being absent, did not participate in this opinion.