José Miguel Rivera Borges, Plaintiff and Appellee, v. Virgenmina Cotto Colón, Defendant and Appellant.

No. 9608. Argued January 13, 1948.—Decided April 22, 1948.

Fernando Pérez Regis for appellant.  Ramón G. Goyco for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

This is a divorce proceeding instituted by the husband on the ground of cruel treatment and grave injury.  The complaint was filed on August 31, 1945 and originally it recited offenses committed between 1941 and 1942.  The trial commenced on January 29, 1947.  After the plaintiff had testified for a length of time, and appearing from his own testimony that subsequent to 1942 he had been reconciled to his wife, he asked leave of the court to amend his complaint in order to allege that the acts of cruelty had commenced from 1941 to 1946.  The court granted the motion over defendant's objection, but informed the latter that it was willing to grant her a term within which to answer the amended complaint.  The defendant alleged that the amendment constituted a surprise to her and asked for a term to present evidence to meet the new averment.  The court then put off the trial for February 11, 1947.  On said day the trial was resumed and the defendant introduced the evidence which she deemed proper.  She now prays for the reversal of the judgment granting the divorce decree because the lower court allowed an amendment for the purpose of including offenses which had been committed subsequent to the filing of the complaint and also because it should have been dismissed on account of reconciliation.

██ Concerning reconciliation in divorce suits §§ 103 and 104 of the Civil Code [1] provide:

"Section 103.—*An action for divorce shall be lost* upon the reconciliation of the parties, whether said reconciliation occurs after the act which might have been the cause for the divorce, or after the action has been brought."  (Italics ours.)

---

[1] These Sections were taken from the Lousiana Civil Code, which appear therein under §§ 152 and 153.

"Section 104.—In case of reconciliation the plaintiff can not *continue exercising the rights which he may have, but is at liberty to file a new suit for causes that have occurred after the reconciliation,* and in such case may allege the former causes to corroborate the new action." (Italics ours.)

Pursuant to § 103, after the reconciliation is proved, the action becomes abated whether the reconciliation was had before or after the filing of the complaint. And under § 104 the plaintiff cannot proceed with the suit. The only relief available to the injured spouse is to begin a new suit on acts committed subsequent to the reconciliation. In this case the condoned acts may afford grounds to corroborate a new suit. In *Jones* v. *Jones,* 117 Pac. 414 (Ore. 1911) the Supreme Court of Oregon, construing a statute similar to §§ 103 and 104 of our Civil Code, decided that if the conduct alleged as ground for the divorce is condoned before or after filing the complaint, the suit must fail even if there is a repetition of the condoned acts after the reconciliation, unless the acts subsequent to the reconciliation, are alleged in the original complaint. It was further held that in such case, that is, when a reconciliation has taken place and the subsequent conduct is not alleged in the original complaint, the court lacks jurisdiction to entertain the case and the judgment decreeing the divorce is void. See also *Collins* v. *Collins,* 193 So. 702 (La. 1940); Cf. *Colín y Capitant, Derecho Civil,* vol. 1 (2nd ed. 1941) page 447.

In the instant case plaintiff's testimony showed that subsequent to defendant's acts during the years 1941 and 1942, which according to plaintiff constituted ill-treatment, the spouses resumed their marital relations uninterruptedly and in 1944 they had a daughter. In view of this reconciliation the lower court had no other alternative than to dismiss the complaint without prejudice to filing a new suit grounded on defendant's conduct subsequent to the reconciliation, and of course, her former conduct may be alleged in corroboration of the condoned acts. In view of the language of §§ 103

and 104 of the Civil Code and the provisions of § 1 of Act No. 9 of April 5, 1941 (page 330) [2] we cannot apply herein Rules 15(b) and 15(c) of Civil Procedure.

For the reasons stated the judgment will be reversed and the complaint dismissed.

---

[2] This Section provides, insofar as pertinent as follows:

"The Supreme Court of Puerto Rico, through rules which it shall promulgate and put in force from time to time, shall have the power to regulate judicial proceedings in all the courts of Puerto Rico, for the purpose of simplifying them and of promoting the prompt administration of justice. *Such rules cannot repeal, amplify, or modify the substantial rights of litigants.*" (Italics ours.)