Argued and submitted September 14, affirmed November 26, 1979, reconsideration denied January 3, petition for review allowed January 22, 1980

# SOUTH STATE INVESTMENT COMPANY,
*Respondent,*

*v.*

# BRIGUM,
*Appellant.*

## (No. 179143, CA 14553)
602 P2d 1084

Dana R. Taylor, Portland, argued the cause and filed the brief for appellant.

Donald H. Joyce, Portland, waived argument and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

The defendant in a forcible entry and detainer (FED) action moved the trial court to set aside that part of a default judgment against her for costs and disbursements, contending that the court lacked the requisite personal jurisdiction over her to enter a valid judgment for those amounts. The motion was denied, and defendant appeals.[1]

Plaintiff South State Investment Company brought the FED action on May 4, 1978, to recover possession of an apartment leased to the defendant. Defendant was not personally served with the summons in the action, and the sheriff resorted to the substituted service provisions of ORS 105.135(2) and (4):

"(2) The sheriff, in his attempt to serve the summons * * * shall make one service attempt. If during the service attempt the sheriff is unable to find the defendant, the sheriff shall attach the summons in a secure manner to the main entrance of the dwelling unit. The sheriff shall indicate on his return that he has posted the dwelling unit. Upon receipt of the return by the sheriff indicating the posting, the clerk shall mail a true copy of the summons by certified mail, return receipt requested, restricted delivery to the defendant at the dwelling unit.
"* * * * *

"(4) If the service is made in accordance with subsection (2) of the section, the service shall be not less than seven nor more than 10 days before the day of trial appointed by the court."

The day appointed for the trial of the action was May 12, 1978. The return of the summons recites that personal service thereof on the defendant at the apartment was attempted on May 5, 1978. When defendant could not be found at the premises, the sheriff posted copies of the summons and complaint as directed in ORS 105.135(2). On May 8, 1978, the clerk of the district court sent a copy of the summons by certified mail, return receipt requested, addressed to defendant

---

[1] The order does not deal with the prior order to vacate.

[275]

at the apartment with instructions to "deliver to addressee only." Upon defendant's failure to make an appearance in the action, the trial court entered on May 12 its Default Order and Judgment of Restitution awarding plaintiff possession of the apartment together with $28.25 for its costs and disbursements. There is no evidence that defendant received actual notice of the proceeding before judgment was rendered.

Defendant makes two assignments of error, both of which question the validity of the judgment in the FED action. One assignment of error points to the fact that only four days had elapsed between substituted service of the summons and the day appointed for trial, whereas ORS 105.135(4) requires that such service precede the trial date by "not less than seven nor more than 10 days." The contention in the second assignment of error is that the court could not constitutionally obtain personal jurisdiction over defendant through substituted service of summons under ORS 105.135(2). We will not discuss the constitutional issues raised by defendant, as this case can be decided on the nonconstitutional issues presented in the first assignment of error. *State ex rel Johnson v. Circuit Court*, 114 Or 6, 9, 233 P 563, *rehearing denied* 234 P 262 (1925).

In *Lexton-Ancira, Inc. v. Kay*, 269 Or 1, 5-6, 522 P2d 875 (1974), the Supreme Court reviewed the provisions for service of summons in Oregon FED actions, and held:

> "* * * An FED proceeding is a special statutory proceeding of a summary nature designed to secure the speedy restitution of premises forcibly or unlawfully detained. As such, and because of the provisions of ORS 105.130, we hold that such proceedings * * * are not subject to provisions of the general statutes relating to service of process * * *." (Citations omitted.)

The following year, the Oregon State Legislature further separated the procedure for service of summons in

FED actions from that prescribed in the "general stat-utes" in ORS ch 15, by enacting special provisions for substituted service of summons. Oregon Laws 1975, ch 256, § 11. With refinements added by Oregon Laws 1977, ch 327, § 1, those provisions constitute what is now ORS 105.135(2) and (4).

A summons under Oregon procedure is notice to a party of the pendency of the action and of the need to appear within a specified time, *Mutzig v. Hope*, 176 Or 368, 379, 158 P2d 110 (1945), and its proper service is prerequisite to a court obtaining effective personal jurisdiction over a party. *Thoenes v. Tatro*, 270 Or 775, 786, 529 P2d 912 (1974). Moreover, as a special proce-dure has been prescribed for substituted service of summons in FED actions, there must be strict com-pliance with that procedure to sustain any resulting judgment against a party entitled to such notice.

> "When a Court of record seeks to acquire jurisdic-tion, not in its ordinary mode, but by a course spe-cially pointed out by statute, a strict compliance is necessary. There must be a strict compliance with the statutory mode * * *."

*Heatherly v. Hadley*, 4 Or 1, 14 (1869). Those prin-ciples were later affirmed in *Lauderback v. Mult-nomah County*, 111 Or 681, 693, 226 P 697 (1924), and *Bay Plaza Management Company v. Estep*, 269 Or 275, 280, 525 P2d 56 (1974);and *see* Peterson, *The Summons—A Slippery Threshold*, 46 Or L Rev 188, 194 (1967).

Here, the summons was not served within the time period prescribed by ORS 105.135(4). Under the prin-ciples discussed earlier, the trial court did not have personal jurisdiction in that action over the defendant, and the judgment against her is void. The Supreme Court has many times approved the doctrine that a judgment rendered without acquiring jurisdiction

> "* * * may be set aside or vacated at any stage of the proceedings, or at any time * * * when the atten-tion of the court in which it was rendered is attracted to it. * * * This power is inherent with the court, and

will be exercised, even at its own suggestion, for the preservation of its dignity, the protection of its officers, and to arrest further action which can serve no lawful purpose, and the most effectual method is by extirpation of the judgment itself as superfluous and vexatious * * *." (Citations omitted.)

*Multnomah County v. Portland Cracker Co.*, 49 Or 345, 351, 90 P 155 (1907); and *see Finch v. Pacific Reduction & Chemical Mfg. Co.*, 113 Or 670, 674-75, 234 P 296 (1925). Therefore, the defendant's motion to set aside the judgment for costs and disbursements should have been allowed and the trial court's order denying it must be reversed.

Reversed.