Argued and submitted December 1, 1982, affirmed March 16, 1983

# BUSINESS & PROFESSIONAL ADJUSTMENT CO.,
*Respondent,*
*v.*
# BAKER,
*Appellant.*

## (81-370; CA A24600)

659 P2d 1025

Michael E. Wasserman, Salem, argued the cause and filed the reply brief for appellant. On appellant's brief was Ralph G. Monson, Baker.

John L. Jacobson, Baker, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals from a denial of his motion to set aside a default judgment taken against him. He claims that the judgment is void for lack of personal jurisdiction, because he was not validly served with a copy of the summons and complaint.[1]

Plaintiff's complaint was filed on November 20, 1981. On November 29, at 4:55 p.m., a deputy sheriff went to defendant's residence to serve him. The deputy testified that it was dark outside and that lights were on inside the house. He entered the front porch, which was enclosed on three sides, knocked on the door and called defendant's name. A "very low" male voice responded to the effect, "Go away, leave me alone." The deputy recognized the voice as defendant's,[2] although he did not see him. The deputy then called through the door, announcing that he had a summons and complaint for defendant, and read the face of the envelope. There was no vocal response, but he heard someone walking around inside. The deputy then announced that defendant was being served and wedged the papers lengthwise between the door and the door jamb. He did not otherwise affix the papers to the door.

Defendant testified that he had no conversation with the deputy on November 29. He stated that he was disabled and under heavy medication during that period and was in bed for 18 to 20 hours a day. He did not recall telling the deputy to go away. He said he did not know of the papers on the porch until his son found them behind a tool box, on December 31.[3] His son threw the papers on

---

[1] Defendant also claims that the trial court abused its discretion in failing to set aside the default judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect" under ORCP 71 B.(1)(a). We find no abuse of discretion. The trial judge made a finding, which is supported by substantial evidence, that "on November 29, 1981 * * * the defendant knew that he was being served with a summons and complaint in this matter." Defendant did not contact a lawyer until January 12, 1982.

[2] The deputy testified that he was familiar with defendant's voice, because he had spoken with him during a 45-minute interview with defendant's son, less than six months before. The deputy did not know that defendant was living alone in the house.

[3] In his affidavit submitted in support of his motion to set aside the default judgment, defendant stated that his son found the papers "outside" the residence, "after the melting of the snow."

defendant's desk, and defendant did not read them until "a week or ten days" later. Defendant testified that he had been sued once before. The order of default and judgment were entered on January 12, 1982.

The manner of service of summons is governed by ORCP 7 D. The general requirement is that:

"Summons shall be served * * * in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." ORCP 7 D.(1).

ORCP 7 D.(2)(a) provides:

"Personal service may be made by delivery of a true copy of the summons and a true copy of the complaint to the person to be served."

The issue is whether the service made by the deputy sheriff complied with ORCP 7 D.(2)(a). We find that it did.

■ The trial judge, believing the deputy's testimony, found that "defendant told the deputy sheriff to go away." The deputy, who heard and recognized defendant's voice, had good cause to believe that defendant was within hearing range. Making the reasonable assumption that defendant remained within hearing, the deputy, when it became apparent that defendant would not open the door, announced that defendant was being served, read the face of the envelope containing the papers and placed the papers in a location where defendant was likely to encounter them and where they were unlikely to be blown away or destroyed.

■ Under all the circumstances, the deputy sheriff's actions certainly were reasonably calculated to apprise defendant of the existence of the action. ORCP 7 D.(1). We hold that they constituted personal service under ORCP 7 D.(2)(a). The rules do not require an actual in-hand delivery, or a face-to-face encounter with an acknowledgment of identity from the person to be served, as defendant argues they do. To so require would allow a defendant to defeat service simply by refusing to identify himself or accept the papers. It would make personal service a degrading game of wiles and tricks, rather than a procedure for insuring that a defendant receive actual notice of the subject and pendency

of an action. *Errion v. Connell,* 236 F2d 447 (9th Cir 1956); *Trujillo v. Trujillo,* 71 Cal App 2d 257, 162 P2d 640 (1945); *Ex parte Ball,* 2 Cal App 2d 578, 38 P2d 411 (1934); *Haney v. Olin Corp.,* 245 So 2d 671 (Fla App 1971); 72 CJS Process § 34; *see* especially, *Martin v. Raffin,* 21 NYS 1043 (NY City Ct 1893).

Affirmed.