Argued and submitted September 30, reversed and remanded with instructions
December 21, 1983

# ADKINS, fka Wright,
*Respondent,*

*v.*

# WATROUS et al,
*Appellants.*

## (80-1-188; CA A26478)

673 P2d 572

Richard M. Botteri, Portland, argued the cause and filed the briefs for appellants.

Vernon L. Richards, Sandy, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is defendants' second appeal from a trial court order denying their motion to set aside a default judgment. Their first appeal was dismissed because the judgment was not final. *Adkins v. Watrous,* 57 Or App 541, 645 P2d 591 (1982). The issue is whether there was effective substituted service on the individual defendants (defendants) and on a corporate defendant, Nemaia Ranches, LTD. (Nemaia). We conclude that there was not and reverse and remand with instructions to set aside the default judgment.

Plaintiff attempted substituted service on defendants by serving a copy of a summons and complaint on one Corlair. The return of service states that Corlair was a resident of defendants' household at 51665 S.E. Marmot Road, Sandy, Oregon. Plaintiff also filed proofs of service indicating that she had sent "certified letters" to defendants at that address. A non-party signed the proofs acknowledging that the letters had been received.

Defendants contend that plaintiff's substituted service was not effective, because Corlair was not a resident of their household and because their address was not on Marmot Road. They deny receiving any certified letters from plaintiff. Plaintiff responds that Corlair was defendants' servant and that defendants had actual knowledge of her complaint.

ORCP 7D(2)(b) provides:

"Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made. For the purpose of computing any period of time prescribed or allowed by these rules, substituted service shall be complete upon such mailing."

Substituted service must comply strictly with the statute to be effective. *South State Inv. Co. v. Brigum,* 43 Or App 273, 277, 602 P2d 1084 (1979) *aff'd* 289 Or 109, 611 P2d 305 (1980); *see Kenner v. Schmidt,* 252 Or 218, 448 P2d 537 (1968).

■ We conclude that plaintiff's substituted service on defendants was *not* effective. There is no evidence to refute defendants' claim that Corlair was not a resident of their household. Further, there is no evidence that plaintiff complied with the requirements of ORCP 7D(2)(b) that plaintiff mail defendants a copy of the summons and complaint at their dwelling house or usual place of abode, together with a statement of the date, time and place at which substituted service was made. Plaintiff's proofs indicate only that she sent "certified letters" to the Marmot Road address. However, the proofs do not indicate what those letters contained.

■ Plaintiff filed an amended complaint naming Nemaia, a California corporation, as a defendant. Her attorney submitted an affidavit stating that Nemaia did not appear to be registered in Oregon. The trial court granted her motion to serve Nemaia by registered mail at the Marmot Road address. Later, her attorney submitted an affidavit stating that a registered letter mailed to Nemaia at that address had been returned "addressee unknown."

ORCP 7D(3)(b)(ii) provides:

"If a registered agent, officer, director, general partner, or managing agent cannot be found in the county where the action is filed, the summons may be served: by substituted service upon such registered agent, officer, director, general partner, or managing agent; or by personal service on any clerk or agent of the corporation or limited partnership who may be found in the county where the action is filed; or by mailing a copy of the summons and complaint to the office of the registered agent or to the last registered officer of the corporation or limited partnership, if any, as shown by the records on file in the office of the Corporation Commissioner or, if the corporation or limited partnership is not authorized to transact business in this state at the time of the transaction, event, or occurrence upon which the action is based occurred, to the principal office or place of business of the corporation or limited partnership, and in any case to any address the use of which the plaintiff knows or, on the basis of reasonable inquiry, has reason to believe is most likely to result in actual notice."

Nemaia contends that it was not served in California and that plaintiff knew of Nemaia's California address, because it was

on a deed giving Nemaia an interest in the property at issue. The record supports Nemaia's contention.

Plaintiff argues that defendants had *actual* knowledge of her complaint and that ORCP 7G allows a trial court to disregard any "technical" failure to comply with ORCP 7D. Defendants admit that they knew plaintiff had filed a complaint. They argue, however, that actual knowledge of filing a complaint is insufficient to establish jurisdiction over parties who are not served with a complaint and summons.

ORCP 7G provides:

"Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit or certificate of service of summons, and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued."

The rule clearly does not permit a court to disregard plaintiff's failure to serve defendants with *any* summons. Because plaintiff failed to serve defendants with *any* summons, the trial court did not have jurisdiction to enter a default judgment. *See State ex rel Kalich v. Bryson,* 253 Or 418, 421, 453 P2d 659 (1969).

Reversed and remanded with instructions to set aside the default judgment.