Argued and submitted July 15, 1983, affirmed March 7, reconsideration denied April 6, petition for review allowed June 26, 1984 (297 Or 339) See 298 Or 607, 695 P2d 565 (1985)

# LAKE OSWEGO REVIEW, INC.,
*Appellant,*

*v.*

# STEINKAMP,
*Respondent.*

## (CV 82-7052; CA A28122)

677 P2d 751

Stuart O. Kendall, Lake Oswego, argued the cause and filed the brief for appellant.

Robert Lohman, West Linn, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

Plaintiff appeals from an order setting aside a default judgment entered against defendant after plaintiff had served him with the summons and complaint by certified mail, return receipt requested (restricted delivery), without first attempting personal service. There is no dispute that defendant received the envelope containing the documents. We are asked to decide that ORCP 7D authorizes that kind of service and that the court obtained personal jurisdiction over defendant and should not have set aside the judgment. We hold that the rule does not go that far, and affirm.

On November 30, 1982, plaintiff filed its complaint. Without attempting personal or any other form of service, it mailed the summons and complaint as stated. On December 8, 1982, plaintiff filed proof of service, stating that the summons and complaint had been mailed to defendant at a particular address, certified, return receipt requested (restricted delivery). A return receipt, signed by defendant acknowledging receipt of the envelope, was attached to the proof of service. On January 17, 1983, a default judgment was entered against defendant, and on February 28, 1983, he filed a motion to set it aside on the ground that he "was not served with the summons and complaint as required by law."

Plaintiff contends that the service by mail was sufficient, because the summons and complaint were served in a "manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend" pursuant to ORCP 7D(1), which provides:

"D(1) Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode;

office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication."

That rule states no more than a general overview for the manner of service, setting forth the due process standard for providing notice and the various methods of service contained in the other subsections that follow. Subsection D(2) describes the way in which the various methods are to be carried out: personal service, D(2)(a); substituted service, D(2)(b); office service, D(2)(c); service by mail, D(2)(d); and so forth.

Plaintiff contends that it followed ORCP 7D(2)(d):

"Service by mail, when required or allowed by this rule, shall be made by mailing a true copy of the summons and a true copy of the complaint to the defendant by certified or registered mail, return receipt requested. For the purpose of computing any period of time prescribed or allowed by these rules, service by mail shall be complete three days after such mailing if the address to which it was mailed is within this state and seven days after mailing if the address to which it is mailed is outside this state."

It did follow that procedure, except that it added restrictive delivery to make certain that defendant would receive the envelope. It claims that, because subsection 7D(1) permits service by mail and because 7D(2)(d) describes how that kind of service shall be effected "when required or allowed by this rule," it has done all that is required to effect service.

■  A reading of the entire rule 7D, however, indicates clearly that plaintiff is mistaken. There are some instances where service by mail is required in addition to other action: *e.g.*, where substituted service is used, 7D(2)(b), or office service, 7D(2)(c), or in actions involving motor vehicles. ORCP 7D(4). Those sections are set forth in the margin.[1]

---

[1] ORCP D(2)(b) and (c) provide:

"D(2)(b) Substituted service. Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made. For the purpose of

There are other instances where service by mail is allowed: when alternative methods of service on corporations or partnerships are used, 7D(3)(b)(ii), and when service cannot be made by any other method otherwise specified in the rules, and the court, on motion, authorizes service "by any method or combination of methods" pursuant to ORCP 7D(6), which provides, so far as relevant:

> "D(6)(a) On motion upon a showing by affidavit that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion,

---

computing any period of time prescribed or allowed by these rules, substituted service shall be complete upon such mailing.

"D(2)(c) Office service. If the person to be served maintains an office for the conduct of business, office service may be made by leaving a true copy of the summons and complaint at such office during normal working hours with the person who is apparently in charge. Where office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the defendant's dwelling house or usual place of abode or defendant's place of business or such other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action, together with a statement of the date, time, and place at which office service was made. For the purpose of computing any period of time prescribed or allowed by these rules, office service shall be complete upon such mailing."

ORCP 7D(4) provides:

"D(4) Particular actions involving motor vehicles.

"D(4)(a) Actions arising out of use of roads, highways, and streets; service by mail.

"D(4)(a)(i) In any action arising out of any accident, collision, or liability in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle, or caused such motor vehicle to be operated on the defendant's behalf, except a defendant which is a foreign corporation maintaining a registered agent within this state, may be served with summons by personal service upon the Motor Vehicles Division and mailing a copy of the summons and complaint to the defendant.

"D(4)(a)(ii) Summons may be served by leaving one copy of the summons and complaint with a fee of $12.50 in the hands of the Administrator of the Motor Vehicles Division or in the Administrator's office or at any office the Administrator authorizes to accept summons. The plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the address given by the defendant at the time of the accident or collision that is the subject of the action, and the most recent address as shown by the Motor Vehicle Division's driver records, and any other address of the defendant known to the plaintiff, which might result in actual notice. For purposes of computing any period of time prescribed or allowed by these rules, service under this paragraph shall be complete upon such mailing.

"* * * * *."

may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including but not limited to: publication of summons; mailing without publication to a specified post office address of defendant, return receipt requested, deliver to addressee only; or posting at specified locations. If service is ordered by any manner other than publication, the court may order a time for response.

"* * * * *

"D(6)(d) If service by publication is ordered and defendant's post office address is known or can with reasonable diligence be ascertained, the plaintiff shall mail a copy of the summons and complaint to the defendant. When the address of any defendant is not known or cannot be ascertained upon diligent inquiry, a copy of the summons and complaint shall be mailed to the defendant at defendant's last known address. If plaintiff does not know and cannot ascertain, upon diligent inquiry, the present or last known address of the defendant, mailing a copy of the summons and complaint is not required."

We conclude that ORCP 7D(1) and 7D(2)(d), taken in context, do not authorize service by mail alone or in the first instance in every case.[2]

■　　　Plaintiff contends, however, that even if it erred in serving defendant in that manner, defendant actually received the envelope containing the summons and complaint, even

---

[2] The editorial analysis of ORCP 7D(2), prepared by Professor Fredric R. Merrill, Executive Director of the Council on Court Procedures, states:

"ORCP 7D(2), describing methods of service, does not authorize use of all described methods against all defendants and in all cases. Use of the different methods in a particular case is governed by section 7D(3) and (4). Thus, although mail service is described, it is only available as an alternative method of service upon a corporation or for service in motor vehicle cases. ORCP 7D(3)(d)(ii) and 7D(4). The methods specified, except office service, are not notably different than present service methods. Substituted service is authorized at defendant's 'dwelling house or usual place of abode.' This was taken from the federal rules and may provide more flexibility. * * * [with respect to 'Manner of Service.']

"* * * * *

"For individuals, the preferred method of service is personal service upon defendant or an agent for service of summons. If defendant cannot be found at defendant's dwelling house or usual place of abode, then either office or substituted service is authorized. ORCP 7D(3)(a). * * * ['Service in Particular Cases.']" Oregon Law Institute, *1980 Oregon Civil Procedure Rules* 237 (1979).

though he says he did not open the envelope until it was too late. It relies on ORCP 7G:

> "Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit or certificate of service of summons, and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued."

We do not understand that provision to go so far. It relates to the form and issuance of summons, and the person who may serve summons. The last sentence authorizing the court to "disregard any error in the * * * service of summons that does not materially prejudice the substantive rights of the party * * *" apparently refers back to an error relating to the person who may serve it. To give it the broad interpretation suggested by plaintiff would render all of the many provisions of the rule meaningless if a defendant gets actual notice, no matter how he gets it. *See Adkins v. Watrous,* 66 Or App 252, 673 P2d 572 (1983).

Because the court did not acquire personal jurisdiction over defendant, the motion to set aside the default judgment was properly granted.

Affirmed.

**ROSSMAN, J.,** dissenting.

I respectfully dissent from the majority opinion for two reasons: (1) I believe ORCP 7 authorizes service of summons by mail on individual defendants; (2) defendant received actual notice, which is sufficient under ORCP 7G.

The majority has very carefully set out the controlling provisions of ORCP 7; so, with few exceptions, I will not duplicate that effort. A thorough reading of those provisions discloses that the words "may" and "shall" appear throughout ORCP 7D. Ordinarily, "may" is employed to mean permissive and discretionary action; but it can also mean mandatory action. *In re People's Utility District,* 160 Or 530, 543, 86 P2d

460 (1939). Similarly, "shall" often indicates an intention that a statute be construed as mandatory, although it can be construed as permissive. *U.S. v. Rands,* 224 F Supp 305 (DC Or 1963), *rev'd* 367 F2d 186 (9th Cir 1966), *rev'd* 389 US 121, 88 S Ct 265, 19 L Ed 2d 329 (1967). In construing a statute, words of common usage are to be given their natural, plain and obvious meaning, *Perez v. State Farm Mut. Auto. Ins. Co.,* 289 Or 295, 299, 613 P2d 32 (1980), and when several statutory provisions are involved, as here, the construction should be adopted which will give effect to all of them, if possible. *Gevurtz v. Myers,* 10 Or App 491, 500 P2d 730 (1972). Reading the word "may" as permissive and the word "shall" as mandatory allows those words their natural meanings and gives the rule internal harmony.

ORCP 7D(1) provides:

"Summons *shall* be served * * * *in any manner* reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons *may* be served in a manner specified in this rule * * *. Service *may* be made, *subject to the restrictions and requirements of this rule,* by the following methods: personal service of summons upon defendant or * * * service by mail; * * *." (Emphasis supplied.)

The general requirement for the manner of service of a summons is set forth in the first sentence of ORCP 7D(1). *Business Prof. Adj. Co. v. Baker,* 62 Or App 237, 240, 659 P2d 1025 (1983). That sentence requires that notice be given the defendant and sets forth the due process standard for service. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 US 306, 70 S Ct 652, 94 L Ed 865 (1950). The remaining language is permissive and indicates various methods which *may* be used in effecting service, absent restrictions or requirements limiting service methods available under ORCP 7D. One of the permissive methods is service by mail.

ORCP 7D(2)(d) describes how to comply specifically with that permissive method of service. It provides:

"Service by mail, *when required or allowed by this rule,* shall be made by mailing a true copy of the summons and a true copy of the complaint to the defendant by certified or registered mail, return receipt requested. * * *" (Emphasis supplied.)

Because there is nothing in ORCP 7D which *requires* that defendant be served by mail in this case, the question is whether service by mail is *allowed.* I am of the opinion that it is. The first sentence of ORCP 7D(1) sets forth the basic test for adequate service; any method that is not subject to restrictions or special requirements under ORCP 7D is allowed and valid, so long as the first sentence of ORCP 7D(1) is satisfied. Furthermore, under this rule, if a defendant receives actual notice of the substance and pendency of the action, a failure to comply with the rules "shall not affect the validity of service." In fact, the court is required to disregard any error in service, so long as the rights of the party served are not materially prejudiced. ORCP 7G.

In this case, defendant admits that he received an envelope containing a summons and complaint on December 4, 1982. However, he claims that, due to the failure of his business, he was receiving a great deal of mail at the time and was throwing all of it unopened into a box. His neglect is of no consequence. Plaintiff complied specifically with ORCP 7D(2)(d) by sending him the summons and complaint by certified mail, return receipt requested. Delivery is evidenced by the return receipt signed by defendant acknowledging receipt of the envelope. Defendant's failure to open his mail does not defeat actual notice. To hold otherwise would allow a defendant to defeat service simply by refusing to open the mail. *See Business Prof. Adj. Co. v. Baker, supra,* 62 Or App at 240-41.

I believe that service of summons and complaint by certified mail, return receipt requested, restricted delivery, is authorized by ORCP 7. However, even if I am wrong, defendant's receipt of actual notice, as evidenced by his signature, was sufficient to apprise defendant of the pendency of the action and afforded him a reasonable opportunity to appear and defend. His due process rights were protected. Entry of the default judgment was proper.

I would reverse.