**Christine WELLS, Plaintiff,**

v.

**CITY OF PORTLAND, a municipal corporation and a political subdivision of the State of Oregon, Larry R. Wooten, individually and in his capacity as a police officer, _____ Russelle, individually and in his capacity as a police officer, and John Doe, individually and in his capacity as a police officer, Defendants.**

**Civ. No. 84–169.**

United States District Court, D. Oregon.

May 17, 1984.

Michael E. Kohlhoff, Beth E. Marks, Kohlhoff & Moen, Wilsonville, Or., for plaintiff.

Christopher P. Thomas, City Atty., Daniel Snyder, Deputy City Atty., Portland, Or., for defendants.

## OPINION AND ORDER

FRYE, District Judge:

The matters before the court are defendant City of Portland's motions to quash service of summons and to dismiss the complaint.

Plaintiff filed this suit against defendants, City of Portland (City) and individual Portland police officers, seeking compensation for violation of her civil rights under 42 U.S.C. § 1983 and for damages under pendent state law tort claims. Plaintiff's complaint alleges that she was assaulted in her home by defendant police officers during the course of an illegal search in violation of her rights under the fourteenth amendment to the United States Constitution.

■ The City moves the court for an order pursuant to Fed.R.Civ.P. 12(b)(5) quashing service of summons and dismissing the complaint. The City contends that service of the summons and complaint was not sufficient in that it failed to comply with the provisions of Fed.R.Civ.P. 4 and that the complaint is now time-barred. Plaintiff opposes the motion.[1]

Rule 4 sets forth persons upon whom service of summons and complaint must be made. Fed.R.Civ.P. 4(d). When service of process is to be made on a municipal corporation, two alternative means of service are permitted.[2] Fed.R.Civ.P. 4(d)(6).

---

1. The court notes the City's objection to consideration of plaintiff's memorandum filed in response to the City's reply memorandum. Plaintiff's memorandum was received after this order was drafted and, in any event, would not have been considered in accordance with Local Rule 220–3(c).

2. Fed.R.Civ.P. 4(d)(6) provides:

(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner pre-

The first method for service on a municipal corporation under Rule 4(d)(6) is by delivering a copy of the summons and complaint to the chief executive officer of the municipal corporation. There is no dispute that the summons and complaint in this action have not been served on the chief executive officer of the City.

The alternative method under Rule 4(d)(6) is service in the manner prescribed for a municipal corporation under state law. Service on a municipal corporation in Oregon is governed by Oregon Rule of Civil Procedure (ORCP) 7D.(3)(d), which provides in pertinent part:

> D.(3)(d). Public Bodies. Upon any ... incorporated city ... by personal service or office service upon an officer, director, managing agent or attorney thereof.

The rule sets forth specifically the officials to be served as well as the methods of service authorized when the defendant is a municipal corporation.

The summons and complaint in this action were served on Dennis Van Lear-Harper, an administrative assistant in the City Attorney's office. The return of service recites, in part, "City of Portland, was served through Christopher Thomas, City Attorney by serving Mr. Harper ...."

The City contends that service was not in compliance with the state rule and, therefore, was insufficient under the federal rule. The affidavit of the City Attorney shows that he was not personally served [3] with the summons and complaint and that office service was never completed [4] because he did not receive a copy of the summons and complaint in the mail.

Plaintiff argues that even if service did not comply precisely with the requirements of ORCP 7D.(3)(d), the City Attorney had actual notice of the substance and pendency of this action as shown by his affidavit, and, therefore, service meets the test for adequate service set forth in ORCP 7D.(1).[5] According to plaintiff, ORCP 7D.(1) indicates that no specified method of service is absolutely required but rather any service that comports with the requirements of due process is sufficient.

Although the Staff Comment to ORCP 7D.(1) [6] appears to support plaintiff's posi-

---

scribed by the law of that state for the service of summons or other like process upon any such defendant.

3. ORCP 7D.(2)(a) provides:
   D.(2)(a) Personal service. Personal service may be made by delivery of a true copy of the summons and a true copy of the complaint to the person to be served.

4. ORCP 7D.(2)(c) provides:
   D.(2)(c) Office service. If the person to be served maintains an office for the conduct of business, office service may be made by leaving a true copy of the summons and complaint at such office during normal working hours with the person who is apparently in charge. Where office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the defendant's dwelling house or usual place of abode or defendant's place of business or such other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action, together with a statement of the date, time, and place at which office service was made. For the purpose of computing any period of time prescribed or allowed by these rules, office service shall be complete upon such mailing.

5. ORCP 7D.(1) provides:
   D.(1) Notice required. Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication.

6. The Council on Court Procedures, Staff Comment provides:
   The basic standards of adequacy of service of summons is set forth in the first sentence of ORCP 7D.(1). Succeeding portions of the

tion, the Oregon Court of Appeals recently read Rule 7D.(1) as stating "a general overview for the manner of service, setting forth the due process standard for providing notice and the various methods of service contained in the other subsections that follow." *Lake Oswego Review, Inc. v. Steinkamp,* 67 Or.App. 197, 200, 677 P.2d 251 (1984). The *Lake Oswego Review* decision rejected the assertion that Rule 7D.(1) gives authority to use any method of service that gives actual notice to defendant.

■ Plaintiff also points out that ORCP 7D.(3)(d) allows service on an officer, director, or managing agent of a municipal corporation and contends that because the City has not shown that the administrative assistant to the City Attorney is not one of the persons designated for service, the City should not prevail on its motion without presenting evidence.[7] Plaintiff asks leave to amend the return of service to show Van Lear-Harper's status as a person designated for service, if necessary, pursuant to ORCP 7G.[8] Contrary to the position taken by plaintiff, it is the party on whose behalf service is made who has the burden of establishing its validity. *Familia De Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1139 (5th Cir.1980). Plaintiff has not

demonstrated that Van Lear-Harper is a person designated for service on behalf of the City by ORCP 7D.(3)(d). As a result, the court cannot allow amendment of the return of service to show that he is such a person.

■ The court finds that service under Rule 4(d)(6) has thus far not been sufficient. Plaintiff has not served the chief executive officer of the City nor completed office service in accordance with ORCP 7D.(2)(c)[9] and, accordingly, service must be quashed.

The question of whether the court must dismiss the complaint remains. The resolution of the matter is intertwined with the role, if any, which the Federal Rules play in tolling the statute of limitations in section 1983 actions brought in federal court when jurisdiction is not based on diversity of citizenship.

Because Congress has not established a statute of limitations or tolling rules to be applied to section 1983 actions brought in federal court, the analogous state statute of limitations must be "borrowed," *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980), unless its application would be in-

---

rule provide ways in which service may be made and how these ways may be used for particular defendants, including conditional preferences. The particular methods, however, are methods which *may* be used. The rule does not require them to be used. Compliance with the specific methods of service is presumed to be service reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action and to afford a reasonable opportunity to appear and defend. Other methods of service might accomplish the same thing.
F. Merrill, *Oregon Rules of Civil Procedure 1984 Handbook,* (Butterworths) at 22–23.

7. The City has submitted the affidavit of Van Lear-Harper, which states that he is not an officer, director, managing agent or attorney for the City of Portland, in response to plaintiff's memorandum in opposition to this motion. The court notes, however, that determining which individuals are the persons designated for service on behalf of the City of Portland under ORCP 7D.(3)(d) is a legal question that would require reference to the City's charter for resolution.

8. ORCP 7G. provides:

G. Disregard of error; actual notice. Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit or certificate of service of summons, and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued.

9. The affidavit of Van Lear-Harper submitted by the City indicates that a copy of the complaint and return of service were received by him by mail on April 24, 1984. Completion of service for the purpose of ORCP 7D.(3)(d) requires that the copy of the complaint and return of service be mailed to the City Attorney at his home or office.

consistent with the constitution or laws of the United States, 42 U.S.C. § 1988, or with the federal policy underlying section 1983 actions. *Board of Regents, supra,* at 485, 100 S.Ct. at 1795. The Ninth Circuit has held that the two-year statute of limitations of the Oregon Tort Claims Act, Or.Rev. Stat. § 30.260–30.300, specifically Or.Rev. Stat. § 30.275(8), applies to section 1983 actions in the District of Oregon. *Kosikowski v. Bourne,* 659 F.2d 105 (9th Cir. 1981).

The City asserts that a state's tolling rules are an integral part of the state's statute of limitations, relying on *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), and argues that commencement of the action as determined by state law tolls the statute of limitations. In Oregon an action is deemed commenced when the complaint and summons have been served on the defendant. Or.Rev.Stat. § 12.020(1). If service of summons occurs within the 60-day period following the filing of the complaint, the action is deemed to commence on the date the complaint was filed. Or.Rev.Stat. § 12.020(2). According to the position taken by the City, since plaintiff filed this action two days before the statute of limitations ran, but did not effect service within 60 days of filing, plaintiff cannot now serve the City within the statute of limitations nor benefit from the relation back provision of Or.Rev.Stat. § 12.020(2).

Plaintiff maintains that Rule 3 determines the time of commencement of the action for statute of limitations purposes in cases involving a federal right and that *Walker* should be distinguished because it is a diversity case.[10] Under the federal rules, a civil action is commenced when the complaint is filed. Fed.R.Civ.P. 3.

■ The court concludes that *Walker* should be distinguished from this case be-

cause it deals with the application of state statutes of limitations in actions based on state law which are brought in federal court when jurisdiction is based on diversity of citizenship. In fact, the *Walker* court expressly declined to consider whether the same result would obtain in a case such as this, stating:

> We do not here address the role of Rule 3 as a tolling provision for a statute of limitations, whether set by federal law or borrowed from state law, if the cause of action is based on federal law. 446 U.S. 740, 751 n. 11, 100 S.Ct. 1978, 1985 n. 11.

The City's contention that state law should control the time of commencement of the action regardless of the basis for federal court jurisdiction over a claim fails to take into account the fact that a section 1983 action is a federal cause of action and the fact that the body of jurisprudence stemming from *Erie R. Co. v. Tompkins,* 304 U.S. 64, 68, 58 S.Ct. 817, 818, 82 L.Ed. 1188 (1938) centers around what law applies in cases where federal court jurisdiction over a state cause of action is based on diversity of citizenship. The prevailing rule among the federal courts of appeals is that Rule 3 governs the time of commencement of the action in cases where a federal matter or cause of action is involved. *See e.g. Jordan v. United States,* 694 F.2d 833 (D.C. Cir.1982); *Caldwell v. Martin Marietta Corp.,* 632 F.2d 1184 (5th Cir.1980); *United States v. Wahl,* 583 F.2d 285 (6th Cir.1978); *see also* authorities cited in 2 J. Moore, *Moore's Federal Practice,* ¶ 3.07[4.–3–2] at 113 (2d ed. 1983). The *Walker* decision does not mandate a change in the present rule.

■ In light of the fact that plaintiff has not yet adequately served process on the City under the state rules, the question is whether plaintiff may now serve the City under any other rule. The court notes that

---

**10.** Plaintiff also argues that because ORCP 7D.(2)(c) expressly states that completion of office service upon mailing is "[f]or the purpose of computing any period of time prescribed or allowed by these rules," it plays no part in determining when the 60-day relation back period for service or the two-year statute of limita-

tions ends. In substance, plaintiff is saying that actual notice within the time limitations prescribed under state law is all that is required for statute of limitations purposes. This contention has already been rejected by the Oregon Court of Appeals in *Lake Oswego Review, supra.*

the federal rules now require that service on defendant be made within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(j). Accordingly, it does not appear that plaintiff is precluded from serving the City before the expiration of the 120-day period in order to enjoy the benefit of relation back of service for statute of limitations purposes under the federal rule.

For the foregoing reasons, the court finds that the complaint is not time-barred and need not be dismissed.

IT IS ORDERED that defendant City of Portland's motion to quash is GRANTED.

IT IS FURTHER ORDERED that defendant City of Portland's motion to dismiss is DENIED.